Martin F. Casey (MFC-1415)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
COMPANIA MINERA SPENCE S.A.,

    Plaintiff,

- against -

SEABOARD MARINE, LTD.

    Defendant.
-----------------------------------------------------------X

08 CV 5584

2008 Civ.

**COMPLAINT**

Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2. At all material times, COMPANIA MINERA SPENCE S.A. (hereinafter "CMS" or "Plaintiff") was and is a business entity with an office and place of business located at General Borgoño 934, Office 1201 - Flat 12 Antofagasta, Chile and was the consignee, owner and/or assured of the consignment hereinbelow described on board the M/V ALICE, as more fully described below.

3. At all material times, defendant, SEABOARD MARINE, LTD., (hereinafter "Seaboard") was and is a foreign corporation with an office and place of business located at 8001 NW 79th Avenue, Miami, Florida 33166 and owns, operates, manages and/or charters ocean-

going vessels, including the M/V ALICE (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V ALICE, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

4.   On or about January 13, 2006, a consignment consisting of a Terex hydraulic crane, model RT-665, then being in good order and condition, was delivered to the defendant and the M/V ALICE at the port of Houston, Texas, U.S.A. for transportation to Antofagasta, Chile via transshipment at the port of Callao, Peru, in consideration of an agreed freight and pursuant to Seaboard Marine bill of lading number SMLU ANT502A80550 dated January 13, 2006.

5.   Thereafter, the aforementioned consignment was loaded aboard the M/V ALICE, Seaboard Marine bill of lading number SMLU ANT502A80550 was issued, and the vessel sailed for the intended port of destination.

6.   On or about January 26, 2006 the consignment arrived at the port of Callao, Peru.

7.   The consignment had to be unloaded from the vessel to allow the opening of hatch covers of hold No. 4, which contained cargo for the consignees in Peru.

8.   During the unloading maneuvers, the consignment collided with a container stowed on the deck of the vessel's hold No. 3 and sustained damages as a result.

9.   On or about January 27, 2006, the consignment was loaded back onto the M/V ALICE and the vessel left the port of Callao, Peru for its intended destination.

10.   While exiting the port of Callao, Peru, the M/V ALICE sustained a collision with another vessel, which resulted in further damages to the consignment.

11.   Due to the collision, the M/V ALICE remained anchored at the port of Callao, Peru for 25 days and the consignment sustained further damage due to rust.

12. As a result of the aforementioned, the consignment was loaded aboard the M/V SEABOARD PIONEER and when it arrived at the port of Antofagasta, Chile, the consignment was not in the same good order and condition as when received by the defendants, but instead had suffered physical damage during transit.

13. The damages sustained to the aforementioned cargo due to the mishandling during unloading, the collision, and the rust damage were not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, unseaworthiness the M/V ALICE, the breach of contract of carriage and bailment on the part of the defendant.

14. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $194,000.00.

15. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

16. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

**WHEREFORE**, Plaintiff prays:

1. If the defendant cannot be found within this District, then all its property within this District be attached in the amount of $194,000.00 with interest thereon and costs, the sums sued for in this Complaint;

2. The Court order, adjudge and decree that defendant SEABOARD MARINE, LTD be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
June 20, 2008
222-43

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *Martin F Casey*
Martin F. Casey (MFC-1411)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225