

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMPANIA MINERA SPENSE S.A.,

    Plaintiff,

- against -

SEABOARD MARINE LTD.,

    Defendant.

**MEMORANDUM ORDER**

08 Civ. 5584 (PKL)

**LEISURE, District Judge**:

    Plaintiff Compania Minera Spense S.A. ("CMS"), a Chilean company, brings this admiralty and maritime action against Seaboard Marine Ltd. ("Seaboard"), a Florida corporation. (Compl. ¶¶ 2-3.) CMS's complaint was filed on June 20, 2008. In its complaint, CMS alleges damages arising from the transportation of goods from Texas to Chile via Peru aboard the M/V Alice. (Compl. ¶¶ 4-12.)

    At Seaboard's request, CMS has agreed to seek transfer of the action to the United States District Court for the Southern District of Florida. Seaboard has demonstrated to CMS "that its bill of lading contains a mandatory jurisdiction clause requiring the [sic] all actions be pursued in the United States District Court for the Southern District of Florida." (Casey 7/18/08 Ltr.)

    When deciding whether to transfer pursuant to 28 U.S.C. § 1406(a), courts generally consider the following factors: (1)

the weight accorded a plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of the operative facts; (6) the availability of process to compel attendance of unwilling witnesses; (7) the relative means of the parties; (8) a forum's familiarity with the governing law; and (9) trial efficiency and the interest of justice based on the totality of the circumstances. See Bank of Am., N.A. v. Hensley Props., LP, 495 F. Supp. 2d 435, 440 (S.D.N.Y. 2007); see also Posven, C.A. v. Liberty Mut. Ins. Co., 303 F. Supp. 2d 391, 400 n.3, 404 (S.D.N.Y. 2004) (Leisure, J.).  These factors weigh heavily in favor of transfer to the Southern District of Florida.  In light of the undisputed mandatory jurisdiction clause in the bill of lading and because venue in the Southern District of New York is improper, the action is transferred, in the interest of justice, pursuant to 28 U.S.C. § 1406(a).

The Clerk of the Court is directed to transfer the file in this matter to the United States District Court for the Southern District of Florida and to close the file in this case.

SO ORDERED.
New York, New York

July 23, 2008

_____
U.S.D.J.

2